Bell, J.
—The court below instructed the jury as follows: “If you believe the defendants kept the tobacco without any offer to return it,. and sold a part of it, although the tobacco may not have been just such as was ordered, you should find for the plaintiff the amount you may believe from'the evidence the defendants have sold the tobacco for.”
If the pleadings and evidence had presented a case in which the vendee of goods, upon ascertaining that the articles forwarded to him did not correspond with the order sent to the vendor, had notified the vendor that he repudiated the contract, and had proceeded to sell the goods for the vendor’s benefit, the above instruction would have been correct and applicable. But the instruction had no application to the case made by the pleadings and evidence. The plaintiff’s suit was upon the note. The defendants sought to show a partial failure of consideration, by proving that the tobacco furnished to them was not such as they ordered, and not such as was worth the price charged for it. In such a case, the plaintiff would be entitled to recover what the tobacco was actually worth, and the defendant would be relieved from paying the difference between the actual value of the tobacco and the amount of the note given for the price. Even if the plaintiff’s pleadings had stated a case of a sale by the vendee of the tobacco for his benefit, after a repudiation of the contract of purchase by the vendee, the plaintiff could only *224 have recovered the amount claimed in his petition; and in this point of view again the instruction was not strictly correct.
It might be supposed that the jury were not influenced by this instruction, inasmuch as they returned a verdict for the amount of the note sued on, were it not that there was evidence that the defendants sold the tobacco for just about the original cost of it; so that the verdict is in correspondence with this instruction.
We are also, of opinion, that the court erred in not permitting the defendants to prove, by the witnesses Willis, Monroe, and Law, that Graves represented himself to be the agent of the plaintiff, after laying the foundation for such evidence, by proving that, in the spring of 1857, the witnesses (who were merchants) had sent orders for tobacco to the plaintiff through Graves, and that the orders had been filled by plaintiff. The defendants had first offered to prove the representations of Graves, that he was the agent of the plaintiff, and the court properly refused to hear the evidence. But after having proved that the plaintiff had recognized Graves as his agent, by filling orders sent through him, it was competent for the defendants to prove his representations, because his representations connected themselves with his acts as agent' in a way to affect the plaintiff. It is doubtless true, that the controlling consideration with the jury was, that the defendants, by their letter of November 19,1857, had waived their right to set up the inferior quality of the tobacco as a defense to the suit of the plaintiff. But it was for the jury to pass upon the -evidence of the waiver, and it was therefore the right of the defendants to introduce evidence in support of their pleas. These considerations will lead to a reversal of the judgment.
It was not error for the court to refuse the evidence offered by the defendants, to show that the letter written by them on the 19th of November, 1857, was written *225 under a misapprehension of their rights. If the offer had been to show that the letter was written in ignorance of facts, the case might have been different; but ignorance of one’s legal rights is no excuse.
The judgment is reversed and the cause
Eemaatded.